14624

CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF
CHICAGO v. HENDRIX MILL & LUMBER CO.

(195 S. E., 562)

January, 1937.

*Mr. George Warren,* for appellant.

*Mr. J. W. Manuel,* for respondent,

March 1, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Beginning in 1917, and until the present time, appellant, an Illinois corporation, located at or near Estill, in the County of Hampton, State of South Carolina, has been engaged in the business of manufacturing and selling lumber The Geo. F. Kerns Lumber Company is a corporation, engaged in the business of a wholesale lumber dealer (buying and selling lumber), with its place of business at Chicago, Ill. Since 1919, the Kerns Lumber Company had been purchasing lumber from appellant, the method of dealing being that it would place orders with appellant and make advances

in money before the shipment of the lumber, and these advances would be evidenced by the promissory notes of appellant to said the Kerns Lumber Company. This last-mentioned company discounted appellant's notes with respondent bank, or banks which, after being consolidated, constituted respondent bank. The business dealings between the Kerns Lumber Company and appellant throughout the intervening years amounted to several hundred thousand dollars, and had evidently been mutually advantageous. Practically all of the notes executed and delivered by appellant to the Kerns Corporation were paid by the shipment of lumber to it, and the notes would be paid at respondent bank by the Kerns Lumber Company, and by it returned to appellant. A very few of appellant's notes were paid by it when the respondent bank forwarded them in due course to South Carolina banks for collection. There is nothing in the record showing that respondent was in any wise a party to the understanding and agreement between the Kerns Corporation and appellant that the notes of appellant would be paid by the shipment of lumber from appellant to the Kerns Corporation, although there is testimony from which it could easily be inferred that respondent knew that notes were being taken care of or paid in this manner.

Payment of the notes given by appellant to the Geo. F. Kerns Company, prior to those now in controversy, was made or arranged by the Kerns Company as they became due, either by the charging of these notes to the checking account of the Kerns Company at respondent bank, or by renewal notes of appellant to said Kerns Company, save, of course, such few notes as were paid by appellant when forwarded by respondent to South Carolina banks for collection. When notes were forwarded for collection, and went back unpaid, respondent bank charged such to the account of the Kerns Lumber Company, as the indorser.

On November 23, 1932, at Estill, S. C., appellant made and delivered its certain promissory note in writing, whereby it promised to pay to the order of the Geo. F. Kerns Lum-

ber Company, ninety days after date, $550.00 with interest from date, at the rate of six per cent. value received. And on November 28, 1932, appellant made, executed, and delivered to the Geo. F. Kerns Lumber Company a note of like tenor, save for the amount, which was $450.00, and payable at Chicago. These were renewal notes for unpaid notes of appellant to the Kerns corporation. These notes became the property of respondent for value received, before maturity, the first above described being indorsed by the Kerns corporation and Geo. F. Kerns; the second only by the corporation. Ten days before their maturity, these notes were forwarded to a South Carolina bank for collection, were not paid, and therefore by the South Carolina bank returned to respondent. The financial affairs of Geo. F. Kerns and his corporation were such that the notes were not taken care of by either of them.

Upon suit being brought by respondent against appellant on these notes, the appellant pleaded payment to the Kerns Lumber Company, by the shipment of lumber to it; that the adoption by maker and payee of a plan of payment or course of conduct between the parties of payment of similar notes between the same parties for a long period of time, ripened into a custom and usage, for the maker to transmit and deliver lumber to the payee named in the notes in payment thereof from time to time; and that respondent having notice of same is estopped to claim to be an innocent purchaser for value.

Under the facts as hereinbefore related, the trial Judge directed a verdict for respondent for the full amount claimed, and this appeal followed.

It would appear from the evidence in this case that respondent is the holder in due course of the instruments sued upon, within the requisites of Section 6803 of the Code; and as such holder, holds the notes free from any defect in the title thereto, and free from defenses available to appellant had enforcement of payment been undertaken by the

Geo. F. Kerns Lumber Company, as the owner and holder of the notes. See Section 6808, Code.

The case of *Farr-Barnes Lumber Co. v. Town of St. George,* 128 S. C., 67, 122 S. E., 24, 26, quotes with approval the language of the prevailing opinion in *Citizens', etc., Bank v. Stackhouse,* 91 S. C., 455, 74 S. E., 977, 979, 40 L. R. A. (N. S.), 454, and is as follows: "This Court has announced in numerous cases that, to defeat the rights of a *bona fide* holder for value of commercial paper, something more is required than proof of facts and circumstances which merely give rise to suspicion or which may be sufficient to put a prudent person on inquiry. There must be proof of actual notice or knowledge of the defect in title, or bad faith on the part of the holder at the time he purchased the paper."

Copy-modeling from *Citizens', etc., Bank v. Stackhouse, supra:* It is to be regretted that the appellant's defense of payment of the notes by the shipment of lumber to the Kerns Corporation cannot avail. But it is of vastly more importance to the commerce of the country that the integrity and unassailability of negotiable paper in the hands of *bona fide* holders for value, shall be maintained by the Courts, than that persons who carelessly put their names to such paper shall be relieved of liability thereon.

The judgment appealed from is affirmed.

MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER did not participate on account of illness.